## ESTATE OF EMMA KALELEONALANI, QUEEN DOWAGER, DECEASED.

### EXCEPTIONS FROM RULINGS OF CHIEF JUSTICE JUDD.

### OCTOBER TERM, 1885.

### JUDD, C. J.; McCULLY and PRESTON, JJ.

Under Section 1196, Civil Code, allowing a mixed jury in civil cases, where one party is a Hawaiian and the other a foreigner; by parties is meant parties of record.

The executor and proponent of Queen Emma's will being a foreigner, and the contestant of the will a Hawaiian; held, that an appeal from the order admitting the will to probate was properly submitted to a jury of six Hawaiians and six foreigners.

Exceptions overruled.

### OPINION OF THE COURT, BY JUDD, C. J.

THE will of her late Majesty, Emma, was duly propounded for probate by the executor and trustee therein named, Mr. Alex. J. Cartwright. Hearing was had, and the will was admitted to probate. Thereupon, Mr. Albert K. Kunuiakea, cousin and next of kin of deceased, who had contested the will in the Probate Court, appealed to the jury on the principal issue as to whether the will was made while the testatrix was of sound mind. The contestant moved that a Hawaiian jury be empanelled to try the case. This was refused by the Chief Justice who presided, and the case

was tried by a mixed jury of six Hawaiians and six foreigners. To this exception was taken, and the question before the Court is whether such refusal was correct.

The Civil Code, Sec. 1196, prescribes that in all civil cases in which one party is a native Hawaiian and the other a foreigner (alien or naturalized), the jury shall be composed of an equal number of natives and foreigners.

Mr. F. M. Hatch, for the proponent, claims that as the parties of record were Mr. Cartwright, executor and trustee, a foreigner, and Mr. Kunuiakea, heir-at-law, contestant, a native Hawaiian, the case was properly heard by a mixed jury.

Mr. Neumann, for the contestant, claims that the real parties in interest were the legatees (who are mainly Hawaiians), and Mr. Kunuiakea, a native Hawaiian, and therefore a full Hawaiian jury should have been impanelled.

### By the Court.

It is not easy to establish a general principle, which would control the character of the jury in every case that might arise. The statute which determines the nature of the jury is peculiar to this country, and we are not aided by precedents from other jurisdictions. The practice of our own Courts at Nisi Prius has not been so uniform as to have much force. The main principle of the statute is that "parties" are to have juries of their own race, dividing litigants into two classes, one of the native Hawaiians, and the other of foreigners (either alien or naturalized).

We think that by parties is meant, parties of record. We cannot undertake in every case to go beyond the record and ascertain who are the parties in interest. This investigation would lead to great complications, and we might find behind a party of record of one nationality, several others who had interests, of whom some were native Hawaiians and others were foreigners. This would necessitate a balancing between them as to whose interest was the greater, in order to give one the share of the jury of the same complexion with himself. The Court ought not to be compelled thus, in advance of a trial, to weigh and determine the importance of the claims of persons who have a possible interest in the result.

In the case before us, the executor is the proponent of the will. He had the affirmative of the issues which were left to the jury, and might be called the plaintiff. It was his duty to propound the will for probate. There are many legacies mentioned in the will. Some are to native Hawaiians, one is to a Chinaman, and to the St. Andrew's School for Girls, and the Queen's Hospital, a chartered institution, a large share of the property is left. The nationality of the contestant entitles him to have six of the jury composed of native Hawaiians. That is all the statute secures to him, and that he has had. So far as the rest of the jury is concerned, it was not incumbent upon the justice presiding to weigh the interests of the Queen's Hospital, the school, the various Hawaiian girls, the Chinese, and other servants of the testatrix, who share in her bounty, parties not represented in Court, and decide at the peril of a new trial, if any error was made, which claim was paramount and should control in the selection of the remaining jurors. It cannot be seriously contended that, the contestant having his six Hawaiian jurors, the Court should select the other six from the foreign and Hawaiian panel proportioned according to the nationality of the various parties interested in sustaining the will. The other party in the case was the executor, the one who moved the will on, a foreigner, and the Court was right in holding that the remaining jurors should be foreigners.

Exceptions overruled.

*F. M. Hatch, C. Brown* and *J. M. Monsarrat,* for proponent.

*P. Neumann,* for contestant.

Honolulu, December 16, 1885.